MARRASH IMPORTING CO. v. UNITED STATES

No. 4648.—Invoice dated Alexandria, Egypt, April 14, 1938.
Entered at New York May 23, 1938.
Entry No. 856385.

(Decided September 29, 1939)

*Habib Marrash* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of 22 cylindrical drums which were filled at the time of exportation with an extract of sesame exported from Egypt in April 1938, and which were entered at the port of New York on May 23, 1938.

The merchandise was invoiced and entered at 2 piasters per kilo. There is no controversy as to the extract of sesame contained in the drums. The only question presented is the foreign value of the drums, which were separately appraised at 30 piasters each, and as such treated as distinct articles of commerce under authority of paragraph 328 of the Tariff Act of 1930.

Habib Marrash, representing himself as the sole owner of Marrash Importing Co., the plaintiff herein, testified that he was not in Egypt during the year 1938 when the present merchandise was exported therefrom, and that he had no evidence of the value thereof other than the price which he paid for the merchandise. He then produced a paper, in the Arabic language, which he described as the commercial invoice covering said merchandise, which document was admitted in evidence as Exhibit 1. After testifying that he was thoroughly familiar with the Arabic language, the witness was permitted by the court, without objection on the part of Government counsel, orally to translate into English the contents of said Exhibit 1, and which

translation disclosed that the witness was charged 484 piasters for the 22 drums, or 22 piasters each.

At the close of the witness' testimony counsel for the Government moved to dismiss the appeal on the ground that the plaintiff had failed to overcome the presumptive correctness attaching to the appraiser's action. The motion was denied by the court on the ground that the price of 22 piasters each paid by the plaintiff was some evidence of value, and that there should be some evidence to support the appraiser's action in advancing the value to 30 piasters.

The Government then offered in evidence the testimony of Charles W. S. Curley, examiner of merchandise at the port of New York for the past 32 years. He testified that he had passed the importation at bar; that he based his appraisement of the drums in question upon repeated importations made by other importers of the same kind of drums during the same period; that there were five or six other similar importations during said period, and that 30 piasters each, or its equivalent, was the foreign value of second-hand drums similar to those at bar; and that he did not know of any importation of similar drums which was entered and appraised at less than 30 piasters each.

On this record I find that the plaintiff has failed to overcome the presumption of correctness attaching to the appraiser's action, and that the proper dutiable value of the drums in question is 30 piasters each.

Judgment will be rendered accordingly.